LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiffs,*
*FLSA Collective Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____

BAIRON ORELLANA,
JUAN CARLOS ORTIZ, and
KIRK ADAIR,
*on behalf of themselves,*
*FLSA Collective Plaintiffs and the Class,*                    Case No.:

                    Plaintiffs,                    **CLASS AND COLLECTIVE**
                                        **ACTION COMPLAINT**

                    v.                    Jury Trial Demanded

ONE IF BY LAND RESTAURANT LLC, and
DAVID GHATANFARD,

                    Defendants.

_____

        Plaintiffs, BAIRON ORELLANA, JUAN CARLOS ORTIZ, and KIRK ADAIR, (herein,

"Plaintiffs"), on behalf of themselves and others similarly situated, by and through their

undersigned attorneys, hereby file this class and collective action Complaint against

Defendants, ONE IF BY LAND RESTAURANT LLC (the "Corporate Defendant"), and DAVID

GHATANFARD (the "Individual Defendant," and together with Corporate Defendant,

"Defendants"), and state as follows:

1

**INTRODUCTION**

1.      Plaintiffs allege, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et. seq.* ("FLSA"), that they are entitled to recover from Defendants: (1) unpaid wages due to time shaving, (2) unpaid minimum wage and overtime due to invalid tip credit, (3) unreimbursed uniform costs, (4) liquidated damages, and (5) attorneys' fees and costs.

2.      Plaintiffs further allege that, pursuant to the New York Labor Law ("NYLL"), they are entitled to recover from Defendants: (1) unpaid wages due to time shaving, (2) unpaid minimum wage and overtime due to invalid tip credit, (3) unpaid spread of hours premium, (4) unreimbursed uniform costs, (5) statutory penalties, (6) liquidated damages, and (7) attorneys' fees and costs.

3.      Plaintiff KIRK ADAIR further alleges that he was deprived his statutory rights as a result of Defendants' unlawful discrimination practices under New York State Human Rights Law, New York Executive Law § 296 ("NYSHRL"), and New York City Human Rights Law, Administrative Code of the City of New York § 8-502 ("NYCHRL") and brings this action against Defendant for discrimination based on age to recover: (1) back pay, (2) compensatory damages, (3) punitive damages and (4) attorneys' fees and costs.

**JURISDICTION AND VENUE**

4.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343 and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

5.      Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391.

**PARTIES**

6.      Plaintiff BAIRON ORELLANA is a resident of Queens County, New York.

7.    Plaintiff JUAN CARLOS ORTIZ is a resident of Queens County, New York.

8.    Plaintiff KIRK ADAIR is a resident of New York County, New York.

9.    Corporate Defendant ONE IF BY LAND RESTAURANT LLC is a domestic limited liability company organized under the laws of the State of New York, with a principal place of business located at 17 Barrow Street, New York, New York 10014, and an address for service of process located at c/o The Limited Liability Company, 9 N. Canterbury Road, Harrison, New York 10528. Individual Defendant is an owner of ONE IF BY LAND RESTAURANT LLC.

10.    Individual Defendant DAVID GHATANFARD is an owner of Corporate Defendant ONE IF BY LAND RESTAURANT LLC. DAVID GHATANFARD exercised control over the terms and conditions of Plaintiffs' employment and those of FLSA Collective Plaintiffs and the Class. With respect to Plaintiffs, FLSA Collective Plaintiffs and the Class, he exercised the power to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee schedules, and (iv) otherwise affect the quality of employment. At all times, employees could complain to DAVID GHATANFARD regarding any of the terms of their employment, and DAVID GHATANFARD would have the authority to effect any changes to the quality and terms of employees' employment. DAVID GHATANFARD ensured that employees effectively serve customers and that the business is operating efficiently and profitably. DAVID GHATANFARD exercised functional control over the business and financial operations of all Corporate Defendants. DAVID GHATANFARD had the power and authority to supervise and control supervisors of Plaintiffs, FLSA Collective Plaintiffs and Class members and could reprimand employees.

11.   At all relevant times, the Corporate Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA and New York Labor Law and the Regulations thereunder.

12.   At all relevant times, the work performed by Plaintiffs, FLSA Collective Plaintiffs and Class members were directly essential to the businesses operated by Defendants.

### FLSA COLLECTIVE ACTION ALLEGATIONS

13.   Plaintiffs bring claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt tipped employees (including servers, bussers, food runners, sommeliers, baristas, and bartenders, among others) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (herein, "FLSA Collective Plaintiffs").

14.   At all relevant times, Plaintiffs and other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to reimburse them for uniform costs and to pay them their proper wages, including those due to time shaving and an improperly deducted tip credit. The claims of Plaintiffs stated herein are essentially the same as those of other FLSA Collective Plaintiffs.

15.   The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to FLSA Collective Plaintiffs via first class mail to the last address known to

Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

16.    Plaintiffs bring claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt tipped employees (including servers, bussers, food runners, sommeliers, baristas, and bartenders, among others) employed by Defendants at the Restaurant on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

17.    All said persons, including Plaintiffs, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

18.    The proposed Class is numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

19.    Plaintiffs' claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of (i) failing to pay wages due to time-shaving, (ii) failing to pay spread of hours premium, (iii) failing to reimburse Class members for uniform

costs, (iv) failing to provide Class members with proper wage statements with every payment of wages, and (v) failing to properly provide wage notices to Class members, at date of hiring and annually, per requirements of the New York Labor Law.

20.    With regard to Plaintiffs and the Class, Defendants also failed to pay them the proper minimum wage and overtime because Defendants were not entitled to claim any tip credit because they failed to meet statutory requirements under the New York Labor Law. Plaintiffs and the Class suffered from Defendants' failure to pay minimum wage and their proper overtime due to Defendants' invalid tip credit allowance because Defendants (i) failed to properly provide tip credit notice at hiring and annually thereafter, (ii) claimed a tip credit in excess of the statutory amount permissible, (iii) claimed tip credit for all hours worked despite having caused tipped employees to engage in non-tipped duties for hours exceeding 20% of the total hours worked each workweek, (iv) failed to provide proper wage statements clearly indicating tip credit allowance for each payment period, and (v) failed to accurately keep track of daily tips earned and maintain records thereof.

21.    Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

22.    Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented Plaintiffs in wage and hour cases.

23.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because of losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

24.    Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their

employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

25.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a.    Whether Defendants employed Plaintiffs and the Class within the meaning of the New York law;

b.    What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not properly pay Plaintiffs and the Class members;

c.    At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay Plaintiffs and the Class members for their work;

d.    Whether Defendants properly notified Plaintiffs and the Class members of their hourly rates and overtime rates;

e.    Whether Defendants paid Plaintiffs and Class members the proper overtime compensation under the New York Labor Law;

f.    Whether Defendants properly provided notice to all tipped employees that Defendants were taking a tip credit;

g.    Whether Defendants accurately tracked the amount of tips earned each day and maintained records thereof;

h.    Whether Defendants caused tipped employees to engage in non-tipped duties exceeding 20% of each workweek;

i.    Whether Defendants took the proper amount of tip credit allowance for each payment period under the New York Labor Law;

j.    Whether Defendants provided proper wage statements informing (i) tipped employees of the amount of tip credit taken for each payment period, and (ii) all non-exempt employees of information required to be provided on wage statements under the New York Labor Law;

k.    Whether Defendants provided proper wage notice, at date of hiring and annually thereafter, to all non-exempt employees per requirements of the New York Labor Law;

l.    Whether Defendants paid Plaintiffs and Class members the proper wage for all hours worked;

m.    Whether Defendants properly compensated Plaintiffs and Class members their proper overtime under state law;

n.    Whether Defendants paid Plaintiffs and Class members the New York State "spread of hours" premium when their workdays exceeded ten hours; and

o.    Whether Defendants failed to reimburse uniform expenses to Plaintiff and Class members.

## **STATEMENT OF FACTS**

26.    Plaintiff BAIRON ORELLANA, also known as JUNIOR TOLEDO:

(a) In or about July 2016, Plaintiff ORELLANA was hired by Defendants to work as a food runner at Defendants' One if by Land, Two if by Sea restaurant, located at 17 Barrow Street, New York, NY 10014. Plaintiff ORELLANA worked for Defendants until on or about September 24, 2017.

(b) Throughout Plaintiff ORELLANA's employment with Defendants, Plaintiff ORELLANA was regularly scheduled to work from 3:30pm to 11:00pm, for four (4) days a week, for a total of thirty (30) hours per week. During the months of October, November, and December, Plaintiff ORELLANA was scheduled to work six (6) days a week, for a total of forty-five (45) hours per week. Throughout Plaintiff ORELLANA's employment with Defendants, at least twice per month, Plaintiff ORELLANA was additionally scheduled to work a double shift on Saturday, working from 10:00am until 11:00pm, for an additional thirteen (13) hours per workweek. On such days Plaintiff ORELLANA was not paid his spread of hours premium. Plaintiff ORELLANA regularly worked without any breaks.

(c) Throughout Plaintiff ORELLANA's employment, Defendants paid Plaintiff below the New York State minimum wage. Specifically, throughout Plaintiff ORELLANA's employment with Defendants, Plaintiff was paid an hourly rate of $7.50 per hour, for all hours worked up to forty (40) hours per week. In 2016, he was paid an overtime rate of $12.00 per hour for all hours worked in excess of forty (40) hours per week. In 2017, he was paid an overtime rate of $12.35 per hour for all hours worked in excess of forty (40) hours per week, which was less than even the prevailing tip credit overtime rate.

(d) Throughout Plaintiff ORELLANA's employment, Defendants had a policy of requiring Plaintiff, FLSA Collective Plaintiffs and Class members to work up to an additional thirty (30) minutes after clocking-out at the end of their shifts. Such policies resulted in significant time-shaving for Plaintiff ORELLANA, FLSA Collective Plaintiffs and Class members.

27.     Plaintiff JUAN CARLOS ORTIZ:

(a) In or about July 2016, Plaintiff ORTIZ was hired by Defendants to work as a busser and food runner at Defendants' One if by Land, Two if by Sea restaurant, located at 17 Barrow

Street, New York, NY 10014. Plaintiff ORTIZ worked for Defendants until in or around May 2017.

(b) Throughout Plaintiff ORTIZ's employment with Defendants, Plaintiff ORTIZ was regularly scheduled to work from 3:30pm to 12:00am, for four (4) to five (5) days a week, for a total of thirty-four (34) to forty-two and a half (42.5) hours per week. During the months of October, November, and December, Plaintiff ORTIZ was scheduled to work six (6) days a week, for a total of fifty-one (51) hours per week. Throughout Plaintiff ORTIZ's employment with Defendants, at least twice per month, Plaintiff ORTIZ was additionally scheduled to work a double shift on Saturday, working from 10:00am until 12:00pm, for an additional fourteen (14) hours per workweek. On such days Plaintiff ORTIZ was not paid his spread of hours premium. Plaintiff ORTIZ regularly worked without any breaks.

(c) Throughout Plaintiff ORTIZ's employment, Defendants paid Plaintiff below the New York State minimum wage. Specifically, throughout Plaintiff ORTIZ's employment with Defendants, Plaintiff was paid an hourly rate of $7.50 per hour, for all hours worked up to forty (40) hours per week.

(d) Throughout Plaintiff ORTIZ's employment, Defendants had a policy of requiring Plaintiff, FLSA Collective Plaintiffs and Class members to work up to an additional thirty (30) minutes after clocking-out at the end of their shifts. Such policies resulted in significant time-shaving for Plaintiff ORTIZ, FLSA Collective Plaintiffs and Class members.

28.   Plaintiff KIRK ADAIR:

(a) In or around 1996, Plaintiff ADAIR was hired by Defendants to work as a sommelier at Defendants' One if by Land, Two if by Sea restaurant, located at 17 Barrow Street, New York, NY 10014. Plaintiff ADAIR worked for Defendants until on or about June 10, 2016.

(b) Throughout Plaintiff ADAIR's employment with Defendants, Plaintiff ADAIR was regularly scheduled to work from 10:00am to 12:00am on Wednesdays and Thursdays, from 10:00am on Fridays to 7:00am on Saturdays, from 11:00am on Saturdays to 2:00am on Sundays, and from 10:00am to 3:00pm on Sundays, Mondays and Tuesdays, for a total of seventy-nine (79) hours per week. On days that Plaintiff ADAIR worked over ten (10) hours, he was not paid his spread of hours premium.

(c) Throughout Plaintiff ADAIR's employment with Defendants, Defendants adjusted Plaintiff's work hours such that they would not have to pay him overtime. Until in or around June 2016, Defendants had a policy of manually adjusting Plaintiff, FLSA Collective Plaintiffs and Class members' work hours to reflect fewer hours so that they did not have to pay the proper overtime premium for all overtime hours worked. Such policies resulted in significant time-shaving for Plaintiff ADAIR, FLSA Collective Plaintiffs and Class members.

(d) From in or around 2012 until on or about December 31, 2015, Defendants compensated Plaintiff ADAIR at an hourly rate of $5.00 for all hours worked up to forty (40) hours per week. From in or around January 1, 2016 until the end of Plaintiff ADAIR's employment with Defendants, Defendants compensated Plaintiff ADAIR at an hourly rate of $7.50 for all hours worked up to forty (40) hours per week. Throughout Plaintiff ADAIR's employment with Defendants, Defendants failed to compensate Plaintiff for any of his overtime hours worked due to Defendants' time-shaving policy.

29. At all times, Plaintiffs, FLSA Collective Plaintiffs and the Class were paid below the minimum wage at an invalid "tip credit" minimum wage. Defendants were not entitled to claim any tip credit allowance under the FLSA or NYLL because Defendants (i) failed to properly provide tip credit notice in violation of the FLSA; (ii) failed to inform them that the tip credit

claimed by Defendants cannot exceed the amount of tips actually received by them in violation of the FLSA; (iii) failed to inform that all tips received by them are to be retained by them except pursuant to a valid tip pooling arrangement in violation of the FLSA; (iv) failed to inform that tip credit will not apply unless they have been informed of the foregoing tip credit notice requirement in violation of the FLSA, (v) claimed tip credit for all hours worked despite having caused tipped employees to engage in non-tipped duties for hours exceeding 20% of the total hours worked each workweek in violation of the FLSA and NYLL, (vi) claimed a tip credit in excess of the statutory amount permissible, (vii) failed to accurately track daily tips earned or maintain records thereof, (viii) failed to properly provide tip credit notice at hiring and annually thereafter in violation of the NYLL, and (ix) failed to provide a proper wage statement with every payment of wages informing Plaintiffs and other tipped employees of the amount of tip credit deducted for each payment period, in violation of the NYLL.

30.    Plaintiffs, FLSA Collective Plaintiffs and the Class were required to engage more than 20% of their working time in non-tipped related activities, including delivering food and supplies between One if by Land, Two if by Sea and Defendants' Valbella restaurants, washing dishes, unloading deliveries of supplies and ingredients, brewing coffee, stocking supplies and utensils, drying and polishing silverware, dishes and cups, and sweeping and mopping the restaurant. Even though Defendants required tipped employees to engage in non-tipped activities for hours exceeding 20% of the total hours worked each workweek, Defendants improperly claimed tip credit for all hours worked by tipped employees.

31.    Plaintiffs and Class members regularly worked days that exceed ten (10) hours in length, but Defendants unlawfully failed to pay Plaintiffs and Class members the spread of hours premium for workdays that exceeded ten hours in length.

32.    Plaintiffs, FLSA Collective Plaintiffs and Class members were required to purchase their own uniforms and to pay for the maintenance fees thereof. Such expenses were not reimbursed. Defendants unlawfully failed to reimburse Plaintiffs, FLSA Collective Plaintiffs and Class members for their uniform costs.

33.    At all relevant times, Defendants knowingly and willfully operated their business with a policy and practice that failed to reimburse or compensate Plaintiffs, FLSA Collective Plaintiffs and Class members for uniform and maintenance costs.

34.    Defendants failed to provide Plaintiffs and the Class members with proper wage notices at hiring and annually thereafter. Plaintiffs did not receive proper wage notices either upon being hired or annually since the date of hiring in violation of the New York Labor Law.

35.    Plaintiffs and Class members received wage statements that were not in compliance with the New York Labor Law. Defendants were required to provide itemized listings of deductions taken on a wage statement with every payment of wages. Defendants failed to satisfy the requirements under the NYLL because the wage statements did not clearly include tip credit allowance for each payment period. Plaintiffs and Class members also received fraudulent wage statements that failed to accurately reflect the number of hours worked and their proper compensation.

36.    Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage, and the proper overtime rate thereof for hours worked over forty (40) in a workweek, to Plaintiffs, FLSA Collective Plaintiffs and Class members. Defendants were not entitled to claim any tip credits under FLSA or NYLL.

37.    Defendants knowingly and willfully operated their business with a policy of not paying the New York State "spread of hours" premium to Plaintiff and Class members, in violation of the NYLL.

38.    Defendants knowingly and willfully operated their business with a policy of failing to pay Plaintiffs, FLSA Collective Plaintiffs and Class members for all hours worked.

39.    Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required under the New York Labor Law.

40.    Defendants failed to provide proper wage notices to employees, at the beginning of employment and annually thereafter, pursuant to the requirements of the New York Labor Law.

41.    Plaintiffs retained Lee Litigation Group, PLLC to represent Plaintiffs, FLSA Collective Plaintiffs and Class members, in this litigation and have agreed to pay the firm a reasonable fee for its services.

42.    Towards the end of Plaintiff ADAIR's employment by Defendants, Defendants permitted managers to foster a hostile work environment. Plaintiff ADAIR would regularly catch managers glaring at him and would often overhear them speaking to each other that Plaintiff ADAIR was too old to be working at Defendants' restaurant. In or around June 2016, Plaintiff ADAIR and several other older workers were terminated the same week, including an assistant pastry chef, two porters, and a receptionist/hostess. Including Plaintiff, all five individuals were over the age of fifty (50).

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT
### ON BEHALF OF PLAINTIFFS AND FLSA COLLECTIVE PLAINTIFFS

43.    Plaintiffs reallege and reaver Paragraphs 1 through 42 of this class and collective action Complaint as fully set forth herein.

44.    At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiffs and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

45.    At all relevant times, Defendants employed Plaintiffs and FLSA Collective Plaintiffs within the meaning of the FLSA.

46.    At all relevant times, each Corporate Defendant had gross annual revenues in excess of $500,000.

47.    At all relevant times, Defendants had a policy and practice of failing to pay the statutory minimum wage and proper overtime premium to Plaintiffs and FLSA Collective Plaintiffs for their hours worked. Defendants were also not entitled to claim any tip credits under the FLSA.

48.    At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiffs and FLSA Collective Plaintiffs for all hours worked, including those at the proper overtime premium for hours worked over forty (40) per week, due to Defendants' policy of time-shaving.

49.    Defendants failed to pay Plaintiffs and FLSA Collective Plaintiffs their wages in the lawful amount for their hours worked due to Defendants' policy of time-shaving.

50.    At all relevant times, Defendants engaged in a policy and practice of shifting costs for uniforms and the maintenance thereof onto Plaintiffs and FLSA Collective Plaintiffs, thereby receiving a kick-back for uniform costs.

51.    Defendants failed to pay, compensate, or reimburse Plaintiffs and FLSA Collective Plaintiffs for the cost of and maintenance of uniforms.

52.    Records, if any, concerning the number of hours worked by Plaintiffs and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiffs and FLSA Collective Plaintiffs should be in the possession and custody of the Defendants. Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

53.    Defendants failed to properly disclose or apprise Plaintiffs and FLSA Collective Plaintiffs of their rights under the FLSA.

54.    As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

55.    Due to the intentional, willful and unlawful acts of Defendants, Plaintiffs and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages, unreimbursed uniform costs, plus an equal amount as liquidated damages.

56.    Plaintiffs and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

### VIOLATION OF THE NEW YORK LABOR LAW
### ON BEHALF OF PLAINTIFFS AND CLASS MEMBERS

57.    Plaintiffs reallege and reaver Paragraphs 1 through 56 of this class and collective action Complaint as fully set forth herein.

58.    At all relevant times, Plaintiffs and Class members were employed by the Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

59.    Defendants willfully violated Plaintiffs' and Class members' rights by failing to pay them the statutory minimum wage and proper overtime premium for their lawful hours worked. Defendants were not entitled to claim any tip credits.

60.    At all relevant times, the Defendants had a policy and practice of refusing to pay Plaintiffs and Class members for all of their hours worked due to Defendants' policy of time shaving.

61.    Defendants willfully violated Plaintiffs' and Class members' rights by failing to pay "spread of hours" premium to them for each workday that exceeded ten (10) or more hours.

62.    Defendants violated Plaintiffs' and Class members' rights by failing to pay, compensate, or reimburse Plaintiffs and Class members for uniform costs and the maintenance thereof.

63.    Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required under the New York Labor Law.  Defendants are required to provide itemized listings of deductions taken on each wage statement. Defendants failed to satisfy the requirements under the NYLL because such tip credit allowance was never clearly included in wage statements to tipped employees for each payment period. Defendants

18

also provided fraudulent wage statements that failed to accurately reflect the number of hours worked and their proper compensation.

64.    Defendants knowingly and willfully operated their business with a policy of not providing all non-exempt employees proper wage notice, at date of hiring and annually thereafter, as required under the New York Labor Law.

65.    Due to the Defendants' New York Labor Law violations, Plaintiffs and Class members are entitled to recover from Defendants unpaid wages, unpaid spread of hours premium, damages for unreimbursed uniform costs, damages for unreasonably delayed payments, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to New York Labor Law.

## COUNT III

## VIOLATION OF THE NEW YORK STATE HUMAN RIGHTS LAW ON BEHALF OF PLAINTIFF KIRK ADAIR

66.    Plaintiff realleges and reavers Paragraphs 1 through 65 of this Class and Collective Action Complaint as if fully set forth herein.

67.    The New York State Human Rights Law ("NYSHRL") prohibits discrimination in the terms, conditions, and privileges of employment, and the retaliation thereof, on the basis of an individual's age.

68.    Plaintiff is an employee and a qualified person within the meaning of NYSHRL and Defendants are a covered employer under the NYSHRL.

69.    Defendants operated a business that discriminated against Plaintiff in violation of the NYSHRL by subjecting Plaintiff to a hostile work environment and terminating his employment on the basis of his age.

70.    Defendants' conduct was intentional, malicious and in reckless disregard of

Plaintiff's protected rights under the New York Executive Law § 296.

71.   As a result of Defendants' unlawful discriminatory practices, Plaintiff sustained injury, including economic damages and past and future physical and emotional distress.

72.   Due to Defendants' violations under the New York State Human Rights Law, Plaintiff is entitled to recover from Defendants: (1) back pay and (2) compensatory damages.

## COUNT IV

## VIOLATION OF THE NEW YORK CITY HUMAN RIGHTS LAW ON BEHALF OF PLAINTIFF KIRK ADAIR

73.   Plaintiff realleges and reavers Paragraphs 1 through 72 of this Class and Collective Action Complaint as if fully set forth herein.

74.   The New York City Human Rights Law ("NYCHRL") prohibits discrimination in the terms, conditions, and privileges of employment, and the retaliation thereof, on the basis of an individual's age.

75.   Defendants have and have had at all relevant times herein, at least four (4) persons in their employ. Plaintiff is an employee and a qualified person within the meaning of NYCHRL and Defendants are a covered employer under the NYCHRL.

76.   Defendants operated a business in New York City that discriminated against Plaintiff in violation of the NYCHRL by subjecting Plaintiff to a hostile work environment and terminating his employment on the grounds of his age.

77.   As a result of Defendants' unlawful employment practice, Plaintiff sustained injury, including economic damages, the past and future physical and emotional distress and the costs of bringing this action.

78.   Due to Defendants' violations under the New York City Human Rights Law, as amended, based on discrimination on the basis of age, Plaintiff is entitled to recover from

Defendant: (1) back pay, (2) compensatory damages, (3) punitive damages, and (4) attorneys' fees and costs.

## COUNT V

### DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE (SUPERVISOR LIABILITY) ON BEHALF OF PLAINTIFF KIRK ADAIR

79.   Plaintiff realleges and reavers Paragraphs 1 through 78 of this Class and Collective Action Complaint as fully set forth herein.

80.   Under, New York City Administrative Code Title 8-107(13), an employer is liable for the discriminatory conduct by an employee, agent or independent contractor. The relevant code provides:

(a) An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section.
(b) An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where:
(1) the employee or agent exercised managerial or supervisory responsibility; or
(2) the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or
(3) the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

81. Defendants violated the section cited herein as set forth. Defendants' managers were supervisors in a managerial capacity. They discriminated against Plaintiff based on Plaintiff's age and wrongfully terminated Plaintiff on those grounds.

82. At all relevant times, Defendants operated a business that discriminated against Plaintiff on the basis of his age.

83. Defendants willfully violated the New York City Human Rights Law, as amended.

84. Due to Defendants' violation of New York City Human Rights Law, as amended, on the basis of Defendants' discriminatory practices, Plaintiff is entitled to recover from Defendants: (1) back and front pay, (2) compensatory and punitive damages and (3) attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs on behalf of themselves, FLSA Collective Plaintiffs and Class members, respectfully request that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid wages due under the FLSA and the New York Labor Law, including those due to time shaving and an invalid tip credit;

d. An award of unpaid "spread of hours" premium due under the New York Labor Law;

e. An award of damages representing Defendants' unreimbursed uniform and maintenance costs under the FLSA and NYLL ;

f. An award of back pay and compensatory damages due under the New York State Human Rights Law;

g. An award of back pay and compensatory damages due under the New York City Human Rights Law;

h.    An award of punitive damages due under the New York City Human Rights Law;

i.    An award of liquidated and/or punitive damages as a result of Defendants' willful failure to proper wages pursuant to 29 U.S.C. § 216;

j.    An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay proper wages pursuant to the New York Labor Law;

k.    An award of prejudgment and postjudgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

l.    Designation of Plaintiffs as Representatives of the FLSA Collective Plaintiffs;

m.    Designation of this action as a class action pursuant to F.R.C.P. 23;

n.    Designation of Plaintiffs as Representatives of the Class; and

o.    Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury on all issues so triable as of right by jury.

Dated: August 28, 2018

Respectfully submitted,

By:    */s/ C.K. Lee*
C.K. Lee, Esq.

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiffs,*
*FLSA Collective Plaintiffs and the Class*